**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| MONIQUE BRINK, on behalf of herself and all others similarly situated, | §<br>§<br>§ | Case No.: 1:24-CV-00501 |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | |
| SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZERCM AND 1ST CREDENTIALING, | §<br>§<br>§ | |
| Defendant. | § | |
| GRANT JOHNSON, individually and on behalf of himself and all others similarly situated, | §<br>§<br>§<br>§ | Case No.: 1:24-CV-00623 |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | |
| SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZERCM AND 1ST CREDENTIALING, | §<br>§<br>§ | |
| Defendant. | § | |
| FAYE MCMILLEN, on behalf of herself and all others similarly situated, | §<br>§<br>§ | Case No.: 1:24-CV-00819 |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | |
| SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZERCM, | §<br>§<br>§ | |
| Defendant. | § | |

**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE RELATED
ACTIONS, APPOINT INTERIM CLASS COUNSEL, AND SET
SCHEDULE, WITH MEMORANDUM IN SUPPORT**

Plaintiffs Monique Brink, Grant Johnson, and Faye McMillen, individually ("Plaintiffs"), individually and on behalf of all others similarly situated, respectfully move unopposed under Federal Rules of Civil Procedure 42(a) and 23(g)(3) for an Order consolidating the three related cases captioned-above, appointing Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, as Interim Class Counsel; and Bruce W. Steckler of Steckler Wayne & Love PLLC as Texas Local Counsel, and setting a schedule whereby Plaintiffs shall file a consolidated complaint within 45 days of the Court's order appointing Interim Class Counsel, Defendant shall have 45 days thereafter to file a motion to dismiss the complaint or otherwise respond thereto, and giving Plaintiffs 30 days thereafter to file an opposition, and Defendant 21 days thereafter to file a reply.

The related actions are *Monique Brink v. SysInformation Healthcare Services, LLC d/b/a EqualizerCM and 1st Credentialing,* Case No. 1:24-cv-00501 filed on May 10, 2024 (*"Brink"*), *Grant Johnson v. SysInformation Healthcare Services, LLC d/b/a EqualizerCM and 1st Credentialing,* Case No. 1:24-cv-00623, filed on June 6, 2024 ("*Johnson*"), and *Faye McMillen v. SysInformation Healthcare Services, LLC d/b/a EqualizerCM,* Case No. 1:24-cv-00819, filed on July 24, 2024 (*McMillen*) ("Related Actions").

The Related Actions bring common claims arising from the same data breach against Defendant SysInformation Healthcare Services, LLC. ("Defendant"). Plaintiffs in the Related Actions allege that the Defendant's inadequate data security allowed a foreseeable and preventable data breach to occur, which compromised the personally identifiable information

("PII") of Plaintiffs and putative class members ("Data Breach"). Plaintiffs seek similar damages and equitable relief arising out of the alleged Data Breach.

Plaintiffs agree that consolidation is appropriate under Federal Rule of Civil Procedure 42(a) because the Related Actions involve common questions of law or fact insofar as they all name Defendant, arise from the same events, and assert overlapping claims and putative classes.[1] Plaintiffs further agree that consolidation will avoid unnecessary delay, reduce the risk of inconsistent or duplicative rulings, and mitigate litigation cost. Furthermore, Plaintiffs submit a schedule for Plaintiffs to file a consolidated complaint and for briefing a motion to dismiss the consolidated complaint. Plaintiffs thus submit that the Court should consolidate the Related Actions into the first-filed action, *Monique Brink v. SysInformation Healthcare Services, LLC d/b/a EqualizerCM and 1st Credentialing,* Case No. 1:24-cv-00501 as well as any subsequently filed or transferred related actions, for pretrial purposes pursuant to Rule 42(a),

In addition, Proposed Interim Class Counsel intend to "fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and with the court." *See* Manual for Complex Litigation § 10.21 (4th ed. 2004). Proposed Interim Class Counsel is prepared to work efficiently, cooperatively, and professionally with all Plaintiffs' and Defendant SysInformation's counsel. Proposed Interim Class Counsel is eminently qualified to lead this action on behalf of the proposed Class, and the Court appoint the proposed leadership structure.

---

[1] Plaintiffs are represented by experienced data breach class action attorneys. Counsel's experience is shown through coordinating with all Plaintiffs to make this proceeding more efficient.

Accordingly, Plaintiffs file this motion and memorandum in support and request that the Court grant their motion to Consolidate the Related Actions and Appoint Interim Class Counsel under Fed. R. Civ. P. 42(a) and 23(g)(3).

## FACTUAL BACKGROUND

Defendant "provides outsourced Revenue Cycle support to medical billing companies Central Business Offices, hospitals, and other healthcare entities" throughout the united States. *See gen. Brink*, Dkt. 1. This consolidated action arises out of a June 2023 cyberattack where criminal actors were able to infiltrate Defendant's networks and systems and were able to exfiltrate data from Defendant's networks and systems relating to Plaintiffs' sensitive data. *Id.* Defendant began notifying individuals of the Data Breach in April 2024. *Id.*

Plaintiffs allege that the cyber-attack and subsequent Data Breach resulted in the compromise of highly sensitive PHI and PII. The PII and PHI includes, among other things, Plaintiffs' and Class Members' name, address, credit card information, social security number, date of birth, medical treatments and conditions and more. Plaintiffs have all alleged that the criminals were able to gain access as a result of Defendant's failure to implement and follow reasonable and industry standard security procedures. *Id.*

On May 10, 2024, Plaintiff Brink filed the first complaint against Defendant alleging various causes of action arising from the Data Breach. *Id.,* Dkt. 1. A month later on June 6, 2024, Plaintiff Johnson filed a second class action complaint against Defendant arising from the same Data Breach with similar allegations and causes of action as the *Brink* suit. *See Johnson,* Dkt. 1. Most recently, on July 24, 2024, Plaintiff McMillen filed a third class action complaint against Defendant regarding the Data Breach.

Through their respective class actions, Plaintiffs allege a combination of the following causes of action against Defendant: negligence; negligence *per se*; breach of implied contract; unjust enrichment; breach of fiduciary duty; declaratory relief; and breach of third-party beneficiary contract.

Following the filing of the Related Actions, Plaintiffs discussed the benefits of consolidation and coordination of their respective actions, prompting Plaintiffs to file this motion.

## ARGUMENT & AUTHORITIES

### I. CONSOLIDATION OF THE ACTIONS IS APPROPRIATE.

Consolidation of cases is appropriate if (1) the cases relate to substantially the same subject matter, transaction, or occurrence and involve common questions of law or fact, (2) the same evidence is material, relevant, and admissible in both cases, (3) consolidation promotes judicial economy and convenience, and (4) consolidation will not result in an unfair trial. *See* Tex. R. Civ. P. 174(a); *In re Van Waters & Rogers, Inc*., 145 S.W.3d 203, 207 (Tex. 2004); *Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 737–38 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

The power to consolidate related actions falls within the broad inherent authority of every federal court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such

orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a); *see also A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under [Rule] 42(a) to consolidate causes pending in the same district."); *see also In re CaptureRx Data Breach Litig.*, No. 5:21-cv00523-OLG, Dkt. 13, at 1 (W.D. Tex. July 8, 2021) (consolidating actions in data breach class action "to ensure consistent and efficient adjudications in this Court….").

### A.  The Related Actions Make Common Legal and Factual Allegations.

Consolidation of the Related Actions is warranted, as the actions require proof of the same basic set of facts to support the causes of action. Specifically, each of the Related Actions focuses on whether Defendant is liable to patients for its failure to protect Plaintiffs' and putative class members' PII and PHI that it owed a duty to protect. Since the Related Actions pending before this Court present many of the same factual and legal questions, involve the same Defendant, and will involve the same discovery, consolidation is appropriate to avoid duplicative litigation tracks. *See League of United Latin Am. Citizens v. Abbott*, No. EP-21CV-00259-DCG, 2021 WL 5417402, at *2 (W.D. Tex. Nov. 21, 2021) ("The Court finds that all of the above-referenced cases are before the same court (the Western District of Texas); that the cases share common defendants; that the cases share common questions of law and fact; that consolidation will conserve judicial resources and best serve the interests of all parties and witnesses; and that the cases are at similar stage of litigation.").

### B.  The Related Actions Should be Consolidated to Reduce Costs and Delay.

The Related Actions involve nearly identical factual allegations against Defendant and regarding the same Data Breach. Indeed, if not consolidated, the separate Related Actions would

result in virtually identical discovery requests and duplicative motion practices and cause an unnecessary drain on party and judicial resources. This is true despite minor variations in class definitions in the Related Actions. As explained in *Kaplan v. 21st Century Oncology Holdings, Inc.*, where the court granted a motion to consolidate various class complaints in a data breach case:

> Applying the relevant factors from Hendrix, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well. For instance, twelve of the thirteen cases allege unjust enrichment claims. Eleven of the thirteen cases allege Florida Deceptive and Unfair Trade Practices Act claims. Additionally, most of the cases allege negligence per se claims.

> To be sure, the complaints in some of the cases assert claims that are not raised in the other related cases. Moreover, the putative class definitions vary among the related cases. Consolidation does, therefore, carry with it some risk of prejudice and also the possibility of confusion based upon these variations. The Undersigned finds, nevertheless, that the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues. Moreover, the nuances in claims and putative class definitions can likely be addressed in the consolidated amended complaint through the use of putative subclasses once the request to appoint interim class counsel has been addressed.

> Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. Id. On this point, the Court notes that all of the named Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes. Further, no named Plaintiffs in any of the cases have objected to consolidation for pretrial purposes. Moreover, the Undersigned finds that judicial resources will be substantially conserved by administering one consolidated case for pretrial purposes rather than proceeding with thirteen separate cases.

> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.

> Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.
>
> Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and Hendrix, but also to "secure the just, speedy, and inexpensive determination" of these proceedings.

*Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at *2-3 (M.D. Fla. July 21, 2016), *report and recommendation adopted* No. 2:16-cv-210, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016).

Here, each case is in its infancy, and as discussed above involves substantially identical factual allegations and causes of action. Consolidation and reassignment before this Court will streamline two similar actions, promoting judicial economy, avoiding inconsistent rulings, and create efficiency in the discovery process. Alternatively, allowing these cases to proceed individually and before multiple Courts would strain party and judicial resources. Moreover, consolidation imposes no prejudice on Defendant as it will benefit from the gained efficiencies.

### C. Future-Filed Related Cases Should be Consolidated.

In addition, to ensure continued judicial efficiency, Plaintiffs also respectfully request that the Court order any future filed actions arising from the same or similar facts and circumstances be transferred to this Court and consolidated with the Consolidated Action. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or events as the above captioned cases' shall be united into the consolidated case.").

In line with the current consolidation, Defendant will suffer no prejudice from the consolidation of any related future filed actions, as it will not be faced with the possibility of

relitigating issues that had been litigated in this Court. Consolidation of the Related Actions would therefore ensure the benefit of all parties involved.

## II. APPOINTMENT OF INTERIM CLASS COUNSEL

Rule 23(g)(3) explicitly permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation ("MCL") § 21.11 (4th ed. 2004).

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Fed. R. Civ. P. 23(g)(1)(A). *See Kjessler v. Zaappaaz, Inc.,* No. 4:17-CV-3064, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31, 2018) (citing *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016); *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008).) Under the rule, a court appointing class counsel must evaluate whether the proposed counsel will fairly and adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(g)(2), (4). In doing so, a court must consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A), (2). A court, in its discretion, also may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### A.    Appointment of Interim Class Counsel Is Appropriate.

Proposed Interim Class Counsel satisfies all the requirements for the Court's appointment under Fed. R. Civ. P. 23(g)(3). He and his firm has successfully litigated numerous class actions involving privacy claims on behalf of tens of millions of patients. Proposed Interim Class Counsel possess the necessary resources to prosecute this litigation, has the support of the Plaintiffs from each of the cases on file, is working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Because Proposed Interim Class Counsel has the case-management and complex-litigation skills, experience, knowledge of the relevant facts and legal issues, support of all Plaintiffs and their counsel from the Related Actions, and the extensive resources needed to efficiently prosecute this action on behalf of putative class members, the Court should grant Plaintiffs' motion.

Proposed Interim Class Counsels' work, experience, knowledge, resources, and successful track record litigating consumer data breach cases demonstrate that his is superbly qualified to represent the Proposed Class's interests under the factors enumerated in Fed. R. Civ. P. 23.

### 1.    Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date.

One factor courts consider is the work and resources counsel expend investigating the claims being asserted when appointing lead counsel. *See, e.g.*, *Adedipe v. U.S. Bank, Nat. Ass'n*, No. CIV. 13-2687 JNE/JJK, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014) (appointing interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of claims"); *In re IndyMac ERISA Litig.*, No. CV0804579DDPVBKX, 2008 WL 11343122, at *2 (C.D. Cal. Oct. 7, 2008) (same).

Here, immediately after the public announcement of the Data Breach, Proposed Interim Class Counsel began investigating potential legal claims and remedies for the victims of the breach. Those investigations included, among other things:

- Investigating the facts surrounding the Data Breach;

- Interviewing numerous victims of the Data Breach;

- Researching legal claims;

- Drafting initial pleadings;

- Organizing Plaintiffs and counsel and discussing consolidating the relevant actions for unified proceedings and preparing the consolidation and proposed leadership papers; and

- Retaining experienced experts on the issues of liability and damages.

The facts alleged by Plaintiffs in the Related Actions are egregious in terms of the impact to individual victims of the Data Breach. Given the scope of the Data Breach and the number of victims potentially affected, Proposed Interim Class Counsel worked to quickly organize and avoid any delay that could result from a leadership dispute to address the merits of the case as expeditiously as possible. Moreover, in the spirit of their prior and positive working relationship, assignments to Plaintiffs' counsel have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating any duplicity.

Plaintiffs' counsel will continue to operate as a cohesive, well-organized group. Going forward, and if appointed, Proposed Interim Class Counsel will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible. *See e.g.*, *In re Lenovo Adware Litig.*, No. 15-MD-02624, 2015 WL 10890657, at *1

(N.D. Cal. July 27, 2015) (noting that the establishment of a "reasonable, fair, and transparent" billing protocol is an important factor in selecting interim class counsel).

Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Class Counsel under Fed. R. Civ. P. 23(g)(3), as Proposed Interim Class Counsel is organized, unified, and committed to working together with Plaintiffs' counsel for the best interests of the class. *Dependable Component Supply Corp. v. Murata Mfg. Co.*, No. 5:18-CV-00198-EJD, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) (selecting interim counsel based on the effort expended to investigate the claims and the resources available to prosecute the litigation).

### 2. Proposed Interim Class Counsel Possesses the Necessary Experience, Skill, and Knowledge of the Law to Prosecute this Litigation.

A primary factor in selecting interim counsel is his experience, skill, knowledge, and familiarity with the relevant law. *See, e.g., In re Meta Pixel Healthcare Litig.*, No. 22-CV-03580WHO, 2022 WL 18399978, at *2 (N.D. Cal. Dec. 21, 2022). Proposed Interim Class Counsel has the experience and skill to prosecute this action efficiently and effectively. As set forth below, his résumé includes extensive experience leading complex class actions, including data breach cases on behalf of millions of people. He will formulate and present positions on substantive and procedural issues during the litigation. *See* Manual for Complex Litigation § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that

schedules are met."). Courts have found that proposed Interim Class Counsel's experience and service as lead counsel in prior cases is particularly persuasive. *See, e.g., In re Lenovo Adware Litig.*, 2015 WL 10890657, at *2 (finding class-action and complex litigation leadership experience relevant for appointment).

As demonstrated below, Proposed Interim Class Counsel has substantial data breach class action experience, resources, and knowledge that will benefit the putative class as this litigation proceeds.

a. <u>Interim Class Counsel</u>: **Gary M. Klinger (Milberg Coleman Bryson Phillips Grossman PLLC)**

Mr. Klinger is a Partner at the international plaintiffs' class action firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[4] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[5] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg has more than 80 attorneys and has offices across the U.S. and the European Union.

At only 37 years-old, Mr. Klinger is one of the most well-known and respected data privacy attorneys in the United States. He is presently pursuing his Masters of Laws (LLM) in Data Privacy and Cybersecurity from the University of Southern California Gould School of Law. Mr. Klinger has extensive experience serving as leadership in numerous high-stakes

consumer class actions. Mr. Klinger has settled more than fifty class actions as lead or co-lead

counsel and recovered over $100 million in the process.

He is presently litigating more than one hundred class action cases across the country

involving privacy violations. Mr. Klinger recently obtained approval of a $35 million privacy

class action. *See Boone, et al. v. Snap, Inc*., Case No. 2022LA000708 (18th Cir. DuPage Cty.,

Ill.) (where Mr. Klinger obtained a settlement of $35 million for violation of Illinois' Biometric

Information Privacy Act). In addition, Mr. Klinger has obtained approval of a class-wide

settlement valued at $17.6 million for a major data breach class action involving more than six

million consumers. *See Carrera Aguallo v. Kemper Corp*., Case No. 1:21-cv-01883 (N.D. Ill.

Oct. 27, 2021) (where Mr. Klinger served with Ms. Martin as two of 3 court appointed co-lead

counsel). In addition, Mr. Klinger reached a class-wide settlement for $11 million for a major

data breach involving more than 4 million consumers. *See Heath v. Insurance Technologies

Corp*., No. 21-cv-01444 (N.D. Tex.). Mr. Klinger was also appointed Co-Lead Counsel in the

data breach case of *In re: Herff Jones Data Breach Litigation*, Master File No.

1:21-cv-1329TWP-DLP (S.D. Ind.), which involves approximately one million class members

and settled on a class-wide basis for $4.35 million. Mr. Klinger further served as co-lead counsel

in the consolidated data breach litigation styled *In Re: CaptureRx Data Breach Litigation*, No.

5:21-cv00523-OLG (W.D. Tex.), which involves more than 2.4 million class members and

settled on a class-wide basis for $4.75 million. Mr. Klinger presently serves as court appointed

co-lead counsel to more than 2 million class members in the litigation styled *Sherwood v.

Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.). Mr. Klinger also

serves as appointed co-lead counsel to represent more than 3 million class members in another

major data breach class action in the Seventh Circuit. S*ee In re Arthur J. Gallagher Data Breach Litigation*, No. 1:21-cv-04056 (N.D. Ill.).

Importantly, Mr. Klinger has obtained successful results on behalf of class members in this Court. In September of 2022, Mr. Klinger announced a class wide settlement of $3.7 million for a data breach involving approximately 2 million class members. *See In re Forefront Data Breach Litigation*, Master File No. 1:21-cv-00887-LA (E.D. Wisc.).

Simply put, Mr. Klinger and the attorneys at his law firm have substantial experience handling data security and data privacy cases like this one, including some of the largest data privacy litigation in the United States. *See, e.g*., *In re: Blackbaud Data Privacy*, MDL No. 2972 (D. S.C.) (where Milberg serves as interim class counsel in a data breach involving millions of consumers); *Jackson-Battle v. Navicent Health, Inc.*, No. 2020-CV-072287 (Ga. Super. Ct. Bibb Cnty. filed Apr. 29, 2020) (Mr. Klinger appointed Class Counsel in data breach case involving 360,000 patients; settlement valued at over $72 million); *Mowery v. Saint Francis Healthcare Sys*., No. 1:20-cv-00013-SRC (E.D. Mo. Dec. 22, 2020) (Mr. Klinger appointed Class Counsel; settlement value of over $13 million). Mr. Klinger has also successfully litigated privacy class actions through class certification. *In Karpilovsky v. All Web Leads, Inc*., No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. June 25, 2018), Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members. *Id*. In a recent nationwide privacy class settlement hearing in the U.S. District Court for the Northern District of California, Judge Richard Seeborg personally commended Mr. Klinger for "quite a substantial recovery for class members." Judge Seeborg further stated he could not recall any class action case where "the amounts going to each class member were as substantial" as that obtained by Mr. Klinger (and his co-counsel). A copy of Mr. Klinger's firm resume is attached as **Exhibit 1**.

**b.  Texas Local Counsel: Bruce W. Steckler (Steckler Wayne & Love PLLC)**

Bruce Steckler is known as an aggressive advocate willing to take innovative approaches to achieve success for his clients. His legal acumen has won him recognition by D Magazine's "Best Lawyers" in 2007 through 2023, D Magazine's "Best Lawyers under 40" feature in 2002 through 2006, and Thompson Reuters as a "Texas Super Lawyer" in 2004 through 2023. He was just recently designated a D Magazine "Best Lawyer Legend" for being consistently recognized as a top lawyer for over 15 years. Mr. Steckler enjoys an "AV Preeminent" rating by Martindale-Hubbell Law Directory, its highest peer rating. His $21 million dollar verdict in Dallas County in 2022 was one of the largest medical malpractice verdicts in the State of Texas. Several of his cases have been featured on the NBC Nightly News, CBS News, ABC News, CNN, Univision, and Fox News, as well as the Dallas Morning News and New York Post.

Mr. Steckler has also been named one of the "Top 100 Trial Lawyers" by the National Trial Lawyers from 2013 through 2023, was named a "2015 Top Rated Lawyer in Insurance Law" by American Lawyer Media and Martindale-Hubbell Law Directory, selected to join the American Institute of Trial Lawyers Litigator of the Year and named as one of the Top 100 Trial Lawyers in America in 2015-2022. Bruce was recognized in 2020 for receiving one of the Top 10 Settlements in Illinois for his settlement in *Hansen-Mitchell, et al. v Welspun USA, Inc. et al.* Most recently, he was again recognized in the 27th edition of The Best Lawyers in America and his firm named one of the Best Law Firms in Texas by U.S. News & World Report. He was named a finalist for Public Justice Trial Lawyer of the Year 2012, an honor that is awarded to the attorneys who "made the greatest contribution to the public interest within the past year by trying or settling a precedent-setting or socially significant case." He was selected for the Plaintiff's Hot List in 2011 by the National Law Journal.

Most recently, Mr. Steckler has handled two of the largest data-breach privacy cases in North Texas as local counsel in *Kosta v. Dickey's Barbeque Restaurants, Inc. et al* Consolidated Case No. 3:20-cv-3424-K, where he was selected by the Honorable Judge Ed Kinkeade as liaison counsel, and he was selected co-lead counsel by the Honorable Judge Bridgett Whitmore of the 193rd Judicial District Court of Dallas County, Texas *In re: Tenet Healthcare Corporation Data Breach Litigation*. In addition, he is currently lead counsel in two ongoing data breach privacy cases pending in the Western District of Texas.

A copy of Mr. Steckler's curriculum vitae is attached as Exhibit 2. In addition, Mr. Steckler had the honor of working with the Honorable Judge Paul Stickney (retired), who served as Magistrate Judge of the Northern District of Texas for twenty (20) years, who is now Of Counsel to his law firm and will be working with him on this matter.

### 3.  Proposed Interim Class Counsel have and will continue to devote sufficient resources to this case.

The resources that Proposed Interim Class Counsel has already committed and will continue to commit to the case also strongly supports the appointment of Proposed Interim Class Counsel. As demonstrated above, Proposed Interim Class Counsel and his firm's resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases, which will benefit Plaintiffs and the putative class. Proposed Interim Class Counsel's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

Mr. Klinger understands the time, energy, and skill necessary to lead this litigation, and has committed the resources required to ensure the effective and efficient representation of the putative class. Proposed Interim Class Counsel can, as needed, draw upon the skills and talents

of experienced attorneys and staff members located across the country. In fact, Proposed Interim Class Counsel have already demonstrated his commitment to this litigation by devoting substantial resources to it and coordinating among Plaintiffs' counsel to file this leadership proposal and to consolidate the Related Actions. And, as his firm résumé and experience indicate, Proposed Interim Class Counsel has the resources and capacity to see this litigation through to its conclusion, including trial.

If appointed as interim counsel, Proposed Interim Class Counsel will continue to commit the same resources and effort to this case as they have committed to other successful class action litigations and are equally committed to working cooperatively and efficiently for the benefit of the class.

### 4. Additional Factors Supporting Formal Designation of Proposed Interim Class Counsel

Plaintiffs and their counsels' support for the proposed leadership structure also weighs in favor of appointing the Proposed Interim Class Counsel. Notably, the proposed leadership structure has the support of all Plaintiffs, and the law firms involved in the litigation. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel."); *Manual for Complex Litigation* §§ 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), 10.272 (describing "private ordering" approach). Indeed, after their cases were filed, Proposed Interim Class Counsel moved quickly to coordinate the proposed leadership structure to avoid any delay attendant with potential multi-district litigation proceedings due to the egregious nature of Defendant's unlawful conduct. Proposed Interim Class Counsel seeks

this leadership structure to best serve the interests of the classes in the most efficient manner possible.

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to the successful management of the litigation. *See Manual for Complex Litigation* § 10.21. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*. Unlike defense counsel, the plaintiffs' side of consolidated litigation must quickly and effectively merge to form an alliance against often well-financed opponents, as is the case here. This process has the potential for disorganization, in-fighting, and inefficiencies. It is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." Duke Guidelines, *supra*, at 43. Selecting lawyers who have previously worked together has many benefits. They have developed working relationships, know of complementary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id*. Nowhere are these characteristics be more apt than as to the counsel proposed as Interim Class Counsel. In other words, Proposed Interim Class Counsel is well suited to prosecute this action because he able to work cooperatively and inclusively with Plaintiffs' counsel.

While Proposed Interim Class Counsel intends to litigate the case zealously, he is fully aware of the Court's expectation that Plaintiffs' counsel prosecute the case efficiently and

without duplication. Accordingly, Plaintiffs' counsel have already discussed how best to organize to effectively use their members' diverse skills and unique experiences for the efficient prosecution and management of this litigation while avoiding unnecessary and duplicative billing. As mentioned above, if appointed, Proposed Interim Class Counsel will establish a protocol for regular time and expense reporting to monitor and manage the efficient prosecution of this action.

## CONCLUSION

For these reasons, Plaintiffs request the Court consolidate the Related Actions into the first filed action (Civil No. 1:23-cv-01557) for all purposes, appoint Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC as Interim Class Counsel, and Bruce W. Steckler of Steckler Wayne & Love PLLC as Texas Local Counsel, and set a schedule whereby Plaintiffs shall file a consolidated complaint within 45 days of the Court's order appointing Interim Class Counsel, Defendant shall have 45 days thereafter to file a motion to dismiss the complaint or otherwise respond thereto, giving Plaintiffs 30 days thereafter to file an opposition, and Defendant 21 days thereafter to file a reply.

Plaintiffs will contemporaneously file a Proposed Order for the Court's consideration.

Dated: August 23, 2024                                      Respectfully Submitted,

                                                            */s/ Bruce W. Steckler*

                                                            Gary M. Klinger
                                                            MILBERG COLEMAN BRYSON
                                                            PHILLPS GROSSMAN PLLC
                                                            227 W. Monroe Street, Suite 2100
                                                            Chicago, IL 60606
                                                            Phone: (866) 252-0878
                                                            glkinger@milberg.com

                                                            *Counsel for Plaintiff Brink and*

*Proposed Interim Class Counsel*

Andrew J. Shamis
Tx Bar No. 24124558
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Phone: (305) 479-229
ashamis@shamisgentile.com

*Counsel for Plaintiff Johnson and the Putative Class*

Jeff Ostrow (*pro hac vice* forthcoming)
Kopelowitz Ostrow P.A.
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301
Phone: 954-525-4100
ostrow@kolawyers.com

*Counsel for Plaintiff McMillen and the Putative Class*

Bruce W. Steckler
Texas Bar No. 00785039
Steckler Wayne & Love PLLC
12720 Hillcrest Rd., Suite 1045
Dallas, Texas 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@swclaw.com

*Counsel for Plaintiff McMillen and Proposed Texas Local Counsel for the Putative Class*

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for movant conferred with counsel for Defendant on the contents of this motion, and counsel for Defendant has stated that they are unopposed to the relef requested in this motion.

*/s/ Bruce W. Steckler*
Bruce W. Steckler

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2024, I caused a true and correct copy of the foregoing motion to be filed with the Clerk of the Court for the Western District of Texas via the Court's CM/ECF system, which will send notification of such filing to the counsel of record in the above-captioned matters.

*/s/ Bruce W. Steckler*
Bruce W. Steckler