# EXHIBIT D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MONIQUE BRINK, et al, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZERCM and 1st CREDENTIALING SERVICES,<br><br>Defendants. | Lead Case No. 1:24-CV-00501<br><br>Consolidated Cases: 1:24-CV-006283<br>1:24-CV-000819<br><br>Judge Alan D. Albright |

**[PROPOSED] FINAL APPROVAL ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Settlement Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards (ECF No. ___);

WHEREAS, on March 17, 2025, the Court entered its Preliminary Approval Order, which, *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action and certified the Settlement Class; (3) appointed Plaintiffs Monique Brink, Faye McMillen, and Grant Johnson as Class Representatives; (4) appointed Jeff Ostrow of Kopelowitz Ostrow P.A., Gary Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, Andrew Shamis of Shamis & Gentile, P.A., and Bruce Steckler of Steckler Wayne & Love PLLC as Class Counsel; (5) appointed Epiq Class Action Claims & Solutions, Inc. as the Settlement Administrator; (6) approved the form and manner of Notice and

the Notice Program; (7) approved the Claim process and Claim Form; and (8) set the Final Approval Hearing date (ECF No. 16);

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with the Court's Preliminary Approval Order by direct Postcard Notice, and the Long Form Notice was available to Settlement Class members on the Settlement Website or on request to the Settlement Administrator;

WHEREAS, on September 8, 2025, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider settlement Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Order incorporates the definitions in the Settlement Agreement and all capitalized terms used in this order have the same meanings as those set forth in Section II of that Agreement, unless otherwise defined herein.

2. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23 and all other applicable law and rules. The Claims process is also fair, and the Claim Form is easily understandable.

3. Defendant has fully complied with the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b). *See* ECF No. 18.

4. The terms of the Settlement are fair, adequate, and reasonable. In so finding, the Court has considered the Fed. R. Civ. P. 23(e)(2) factors and the Fifth Circuit's traditional factors from *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

5. A list of the individuals who have opted-out of the Settlement is attached hereto as *Exhibit A*. Those individuals will not be bound by the Agreement or the Releases contained therein.

6. Based on the information presented to the Court, the Claims process has proceeded consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

7. The distribution plan for Settlement Class Member Benefits proposed by the Parties in the Agreement is fair, reasonable, and adequate.

8. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

9. Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

10. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Order.

11. The appointment of Plaintiffs, Monique Brink, Faye McMillen, and Grant Johnson, as the Class Representatives is affirmed.

12. The appointment of Jeff Ostrow of Kopelowitz Ostrow P.A., Gary Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, Andrew Shamis of Shamis & Gentile, P.A., and Bruce Steckler of Steckler Wayne & Love PLLC as Class Counsel is affirmed.

13. The Court reaffirms Epiq Class Action Claims & Solutions, Inc. as the Settlement Administrator.

14. The Court affirms its findings that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for only the purposes of the Settlement in that: (1) the number of members of the Settlement Class is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the members of the Settlement Class; (3) the claims of the Plaintiffs are typical of the claims of the members of the Settlement Class; (4) the Plaintiffs are adequate representatives for the Settlement Class, and have retained experienced and adequate Class Counsel; (5) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Settlement Class; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections to the Settlement, and only __ opt-outs, indicating an overwhelming positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters.

15. Therefore, the Court finally certifies the following Settlement Class:

> All persons in the United States whose Private Information was potentially accessible as a result of the Data Incident, including those who were sent notification from Defendants that their Private Information was potentially accessible as a result of the Data Incident.

Excluded from the Settlement Class are (a) all persons who are governing board members of Defendant; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; and (d) any individual who timely and validly opts-out of the Settlement.

16. Judgment shall be entered dismissing the Action with prejudice, on the merits.

17. As of the Effective Date, and in exchange for the relief described in the Agreement, the Releasing Parties shall automatically be deemed to have fully, finally, and irrevocably released and forever discharged the Released Parties of, and shall be forever barred from instituting, maintaining, or prosecuting, any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, asserted or unasserted, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, whether on behalf of themselves or others, that result from, arise out of, are based upon, or relate to (a) the Data Security Incident; or (b) any of the alleged violations of laws or regulations cited in the Complaint, the Action, or the Related Actions.

18. With respect to the Released Claims, Plaintiffs and Settlement Class Members, expressly understand and acknowledge it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs and Settlement Class Members explicitly took that into account in entering into the Agreement, and a portion of the consideration and the mutual covenants contained therein, having been bargained for between Plaintiffs and Defendant with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Settlement shall have, expressly waived and relinquished, to the

fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

19. In the event there are funds remaining from uncashed checks in the Settlement Fund 45 days following the 180-day check negotiation period, all remaining funds shall be distributed to an appropriate mutually agreeable *cy pres* recipient to be approved by the Court.

20. Class Counsel is awarded $_____ for attorneys' fees and $_____ for costs. These payments shall be made out of the Settlement Fund in accordance with the Agreement. The Court evaluated Class Counsel's attorneys' fee request using the percentage of the fund method blended with the following 12 factors from *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 718 (5th Cir. 1974), and concludes that amount is fair and within the range of reason:

> (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee [for similar work in the community]; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases.

*Johnson*, 488 F.2d at 717-19. The Court need not consider each factor in making its determination. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 331 (5th Cir. 1995). Each of the *Johnson* Factors will vary, depending on the case, and rather than imposing a rigid application, the Fifth Circuit entrusts lower courts to apply those factors in view of the case's particular

circumstances. *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986). On the whole, these factors are satisfied.

21. The Class Representatives shall be awarded Service Awards in the amount of $_____ each. The Service Awards shall be payable out of the Settlement Fund in accordance with the Agreement.

22. Plaintiff and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

23. The Court hereby retains and reserves jurisdiction over: (1) implementation of this Settlement and any distributions to the Settlement Class Members; (2) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (3) all Parties, for the purpose of enforcing and administering the Settlement.

24. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, *nunc pro tunc*. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding. The Action shall return to its status immediately prior to execution of the Agreement.

25. With the exception of those listed on *Exhibit A*, all Settlement Class Members shall be bound by this Order.

26. The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other person subject to the provisions of this Final Approval Order.

27. This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Action.

28. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Fed. R. Civ. P. 58.

**SO ORDERED** on _____, 2025.

> _____
> HONORABLE ALAN D. ALBRIGHT
> UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## Opt-Out List

(To Be Completed Before Final Approval Hearing)

1.

2.

3.